## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LARRY CURTIS, BETTY TUCCI, MARY
ROBINSON, JASON ROBINSON, TIM COLE
BRETT BILLINGS and CHAD MAYNARD
on behalf of themselves and all other similarly
situated individuals,

     Plaintiffs,

     v.

CARGILL MEAT SOLUTIONS CORPORATION :
F/k/a Excel Corporation.,

     Defendant.

**3: CV   06   0513**

**FILED**
**SCRANTON**

Docket No._____   MAR 1 0 2006

**Complaint-Class Action**   PER _____ DEPUTY CLERK

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

  Plaintiffs Larry Curtis, Betty Tucci, Mary Robinson, Jason Robinson, Tim Cole,

Brett Billings and Chad Maynard, on behalf of themselves and other similarly situated

individuals, by and through their undersigned counsel, for their Class Action Complaint

against Defendant Cargill Meat Solutions Corporation (herein referred to as "Cargill"),

allege, upon information and belief, except as to the allegations that pertain to the named

Plaintiffs and their counsel, which are based upon personal knowledge, as follows:

## I. **INTRODUCTION**

1.  This is a class action brought by Plaintiffs on behalf of themselves and all other

similarly situated current and former production and support employees of Cargill Meat

Solutions Corporation, formerly known as Excel Corporation, (collectively referred to as

"Cargill"), at its facility in Wyalusing, Pennsylvania for the purpose of obtaining relief

under Pennsylvania law for, *inter alia*, unpaid wages, unpaid overtime wages, liquidated damages, costs, attorneys' fees, and declaratory and injunctive relief.

2.      Plaintiffs are employees of Cargill's beef processing facility located in Wyalusing, Pennsylvania.  Defendant has failed to pay Plaintiffs their minimum hourly rate of pay for all hours of work they performed in addition to overtime as required by Pennsylvania law.

3.      The uncompensated time includes, but is not limited to, time spent preparing, donning, doffing, and sanitizing sanitary and safety equipment and clothing and all other activities in connection with these job functions, before and after paid time, and during both paid breaks and unpaid lunch breaks.

## II.      JURISDICTION AND VENUE

4.      This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(d) since the matter is a class action in which the aggregate claims of the individual class members exceeds the sum or value of $5,000,000 exclusive of interest and costs and Defendant Cargill is not a citizen of the Commonwealth of Pennsylvania as defined by 28 U.S.C. § 1332(c).

5.      Venue is proper in this federal judicial district pursuant to 28 U.S.C. 1391(a) and (c), because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district, and because Defendant Cargill resides in this judicial district in that it regularly conducts business within this judicial district and thus is subject to personal jurisdiction within this judicial district.

### III.   **PARTIES**

6.      Plaintiff Larry Curtis is a former Cargill production employee at Cargill's Wyalusing, Pennsylvania facility.  Mr. Curtis presently resides at Rural Route #2, Box 121 Wysox, PA 18854.

7.      Plaintiff Betty Tucci is a former Cargill employee at Cargill's Wyalusing, Pennsylvania facility.  Ms. Tucci presently resides at Rural Route #3, Box 272, Towanda, PA 18848.

8.      Plaintiff Mary Robinson is a current Cargill production employee at Cargill's Wyalusing, Pennsylvania facility.  Ms. Robinson presently resides at Rural Route #2, Box 107, Meshoppen, PA 18630.

9.      Plaintiff Jason Robinson is a current Cargill employee at Cargill's Wyalusing, Pennsylvania facility.  Mr. Robinson presently resides at Rural Route #2, Box 107, Meshoppen, PA 18630.

10.      Plaintiff Tim Cole is a former Cargill employee at Cargill's Wyalusing, Pennsylvania facility.  Mr. Cole presently resides at Rural Route #3, Rome, PA 18837.

11.      Plaintiff Brett Billings is a current Cargill production employee at Cargill's Wyalusing, Pennsylvania facility.  Mr. Billings presently resides at Rural Route #1, Box 77A, LeRaysville, PA.

12.      Plaintiff Chad Maynard is a current Cargill employee at Cargill's Wyalusing, Pennsylvania facility.  Mr. Maynard presently resides at Box 5445, Towanda, PA 18848.

13.      Plaintiffs bring this action on behalf of themselves and all other similarly situated current and former production and support employees of Defendant Cargill's beef processing facility located in Wyalusing, Pennsylvania. ("Class members").

14.     Defendant Cargill is a Delaware corporation who operates numerous beef and pork processing facilities located in the United States, including one in Wyalusing, Bradford County, Pennsylvania.  Defendant Cargill is a corporation engaged in interstate commerce and in the production of goods for commerce in these and various other locations throughout the United States.  Defendant Cargill can be served with original process through CT Corporation System, 1515 Market Street, 12th Floor, Philadelphia, PA 19102.

**IV.          CLASS ACTION ALLEGATIONS**

15.     The Named Plaintiffs are individuals who, within the applicable period of limitations prior to the commencement of this action, were employed by Cargill in Pennsylvania.  This matter is maintainable as a class action pursuant to Federal Rule of Civil Procedure 23(a), Rule 23(b)(1)(A) and (B), and Rule 23(b)(3), on behalf of a Class consisting of:  current and former production and support employees of Cargill at its facility in Wyalusing, Pennsylvania (the "Class").

16.     Plaintiffs believe that there are at least 3000 present and former production and support employees in the Class during the relevant Class period of January 1, 1990 to the present.

17.     Given Defendant Cargill's size and the systematic nature of Cargill's failure to comply with Pennsylvania statutory law and common law, the members of the Class are so numerous that joinder of all members is impractical.

18.     The Named Plaintiffs' claims are typical of the claims of the Class members because they were hourly production workers who, like the Class members, sustained

damages arising out of Defendant's unlawful compensation system as described in more detail herein.

19.     Plaintiffs will fairly and adequately protect the interests of the Class members. Plaintiffs have retained counsel competent and experienced in complex class action wage and hour litigation.

20.     Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members.  Among the questions of law and fact common to Plaintiffs and the Class are:

        a.      Whether the work performed by Plaintiffs and the Class is included in the type of work Cargill employed Plaintiffs and the Class to perform;

        b.      Whether the work performed by Plaintiffs and the Class is compensable under Pennsylvania law;

        c.      Whether Defendant has engaged in a pattern and/or practice in Pennsylvania of forcing, coercing, and/or permitting Plaintiffs and the Class to perform work for Defendant's benefit which was not compensated;

        d.      Whether Defendant has engaged in a pattern and/or practice of disciplining or retaliating against Plaintiffs and the Class for not performing certain work without being compensated;

        e.      Whether Defendant has failed to permit meal and rest periods as required by Pennsylvania law, other applicable regulations, and/or Defendant's stated policies;

5

f.      Whether Defendant has failed to properly compensate Plaintiffs and the Class in connection with interruptions to their meal or rest periods;

g.      Whether Defendant has failed to keep true and accurate time records for all hours worked by its employees as required by Defendant's policies and the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.108;

h.      Whether Defendant failed to pay Plaintiffs and the Class for all of the work Defendant required them to perform;

i.      Whether Defendant violated the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.104;

j.      Whether Defendant violated the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1 et seq.; and

k.      The nature and extent of class-wide injury and the measure of damages for the injury.

21.     Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The Class is readily identifiable from the Defendant's own records.

22.     Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

23.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical.  Furthermore, the amounts at stake for many of the Class members, while substantial, are not great enough to enable them to maintain separate suits against Defendant.

24.     Without a class action, Defendant will likely retain the benefit of its wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class.  Plaintiffs envision no difficulty in the management of this action as a class action.

## V.     PRELIMINARY ALLEGATIONS

25.     Defendant Cargill owns and operates a beef processing facility in Wyalusing, Bradford County, Pennsylvania.  The complained of unlawful compensation system at issue in this Complaint has affected Defendant's present and former production and support employees at this location.

26.     Under Cargill's wage compensation system, Cargill pays Plaintiffs and Class members only during the time that they are present on the actual production assembly line and for a short period of time afterwards.  Conversely, Cargill, as a matter of policy and practice, does not pay its employees for required pre-production line and post-production line activities that are necessary and integral to their overall employment responsibilities, such as donning and doffing protective equipment, cleaning and sanitizing that equipment as well as themselves, walking to the production line from their

locker and vise-versa after already performing compensable activities, sharpening knives required for use in production line activities, and waiting in line to receive required supplies tools and equipment needed for production line activities.  Cargill also requires its employees to be present at the production line for several minutes prior to their assigned "start time" (i.e. the time when they start getting paid), put they are not paid for the time spent waiting for the production line to begin.

27.     Pursuant to federal regulations and Cargill's own internal policies and procedures, Plaintiffs and Class members are required to wear special personal protective equipment and clothing ("PPE") for protection and sanitary reasons.  PPE includes, *inter alia*, aprons, smocks, guards, sleeves, sheaths, gloves, frocks, hardhats, hairnets, earplugs, coveralls, boots, eye protection, and other protective equipment and clothing.  Most of Cargill's employees use knives and other sharp instruments in the course of their work and the PPE is designed to protect them from injury.

28.     As a consequence of the compensation system utilized by Defendant Cargill, Plaintiffs and Class members are not paid for the time it takes to receive, don, doff, and sanitize the required PPE, the time it takes to sanitize themselves at the beginning of their shifts and time spent walking from their lockers to the production line.

29.     At the beginning of each work day, Plaintiffs and Class members are required to report to a designated area where PPE is distributed and then they must don the PPE and properly sanitize themselves and walk to the production line *before* paid time begins. These employees are not paid for this work time.

8

30.     At the end of each work day and during lunch and other unpaid breaks, Plaintiffs and Class members have to remove, clean, sanitize and otherwise maintain their PPE, in addition to sanitizing themselves. These employees are not paid for this work time.

31.     According to Cargill's compensation system, Plaintiffs and Class members are not compensated for meal or rest time spent doffing, cleaning, sanitizing, maintaining, and re-donning PPE and the time spent between the end of paid production time and the time they finish removing, cleaning, sanitizing, and stowing their PPE at the end of each work day.

32.     According to Cargill's compensation system, Plaintiffs and Class members are not paid during the time prior to and during their meal and rest periods, during which time they doff and sanitize themselves and their PPE.  Similarly, Plaintiffs and Class members are not paid at the end of meal and rest periods for the time they spend donning, cleaning, sanitizing and preparing their PPE for continued work in production areas.

33.     Pursuant to Cargill's compensation system, employees are not compensated for time spent before or after paid time, or during unpaid meal breaks to sharpen or grind knives, which is a necessary task for the performance of their job.  Moreover, Cargill illegally refuses to supply its employees with knives but instead requires, in at least some instances, its processing employees to purchase knives from Cargill for use in their employment in processing tasks.

34.     As a result of Cargill's compensation system, and other practices and policies followed by Defendant, Plaintiffs and Class members are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

9

35.     Plaintiffs and all Class members are similarly situated individuals who worked at

and/or continue to work at Defendant's beef processing facility in Wyalusing,

Pennsylvania and who were and/or continue to be deprived of their lawful wages under

Pennsylvania law in the same manner.

36.     The facts and circumstances relating to Cargill's compensation system vis-à-vis

production time and employment related activities prior to paid production time and after

paid production time present common questions of law and fact pursuant to Fed.R.Civ.P.

23.

37.     The claims of the named Plaintiffs are typical of the claims of approximately

3000 similarly situated current and former employees.  The named Plaintiffs are adequate

representatives of those similarly situated employees in that the named Plaintiffs' claims

are identical to the claims of the similarly situated employees and former employees.

38.     The Defendant's failure to pay Plaintiffs and Class members their lawful wages

was and is willful.  Defendant Cargill knew or should have known that its conduct was

unlawful and/or showed reckless disregard for the matter of whether its above-described

conduct was prohibited by law.

39.     Despite its knowledge that time spent by Plaintiffs and Class members, as

described above, was compensable time under Pennsylvania law, Defendant Cargill has

taken no steps to compensate workers at its Wyalusing, Pennsylvania facility for this

time.

40      Defendant Cargill promised Plaintiffs and Class members that they would be paid

for all hours worked.  Justifiably relying on this promise, Plaintiffs and class members

accepted employment on behalf of Defendant.

## V.     CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT Of 1968
### 43 P.S. § 333 et seq.

41      Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

42.     Upon information and belief, the Class period for this cause of action is at least January 1, 1990 to the present.

43.     The Pennsylvania Minimum Wage Act of 1968, § 333.104(c), provides in relevant part that: "Employees shall be paid for overtime not less than one and one-half times the employee's regular rate . . ."

44.     By their actions alleged above, Defendant Cargill violated the provisions of the Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333 et seq.

45.     As a result of Defendant's unlawful acts, Plaintiff and class members have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with costs and attorneys' fees.

46.     Plaintiffs and class members worked many hours without having been paid by Defendant on a weekly basis.  Had that work been recorded as paid time, Plaintiff and class members would have worked over forty hours a week and been entitled to be paid one and a half times their regular hourly wages for all time worked in excess of forty hours per week.

11

## COUNT II

## BREACH OF CONTRACT

47.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth

herein.

48.     Upon information and belief, the Class period for this cause of action is at least

January 1, 1990 to the present.

49.     At the time Plaintiffs and class members accepted employment with Defendant

Cargill, they were hired to work at a fixed hourly rate.  Plaintiffs and class members were

expressly told what their hourly rate would be.

50.     Pursuant to their agreement with Defendant to work for a fixed hourly rate,

Plaintiffs' and class members performed work on behalf of and for the benefit of

Defendant Cargill during the Class period.  However, as set forth in detail above,

Defendant Cargill failed to pay Plaintiffs and class members for all work performed for

the benefit of Defendant.

51.     Moreover, Plaintiffs and class members were provided with employee handbooks

and other written materials which they were told embodied the terms of their employment

and to which they were directed to refer if they had any questions.

52.     The language in these employee handbooks and other written materials setting

forth Defendant's policies regarding job requirements, working conditions, discipline,

and compensation constituted promises clear enough that Plaintiffs and class members

could reasonably believe an offer of employment pursuant to the terms contained in the

writings and Defendant's oral policies had been made.

53.    Defendant's oral policies and the employee handbooks and other written materials were disseminated to Plaintiffs and class members in a manner to insure that they were aware of the contents and would reasonably believe it to be an offer of employment pursuant to the terms contained in the writings and Defendant's oral policies.

54.    Plaintiffs and class members accepted Defendant's offer of employment by commencing and/or continuing to work after learning of Defendant's policies.

55.    The contract for payment of wages between Plaintiffs and class members and Defendant arises not only from the parties' actions, but Defendant's express policies, and the parties' express agreements as set forth in more detail above.

56.    Plaintiffs and class members justifiably relied upon Defendant's promises enunciated in the employee handbook and other written materials and Defendant's other express written and oral policies and procedures.

57.    In addition, because Plaintiffs and class members performed work for the benefit of Defendant and Defendant knowingly accepted such benefits, the parties, by their actions, formed an implied agreement for the payment of wages.

58.    Defendant foresaw or reasonably should have foreseen that Plaintiff and class members would rely upon said promises and agreements concerning compensation for all work performed for the benefit of Defendant.

59.    Defendant breached its contract with Plaintiff and class members by not paying them for all hours worked, failing to pay wages according to Pennsylvania law, and failing to provide all required rest periods pursuant to state and federal law and the agreements between the parties.

13

## COUNT III

### VIOLATION OF THE WAGE PAYMENT and COLLECTION LAW
### 43 P.S. § 260.1 *et seq.*

60.    Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

61.    The Class period for this cause of action is at least January 1, 1990, to the present.

62.    Pursuant to the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.3, Defendant Cargill is obligated to pay all the wages due to its employees.

63.    Defendant has intentionally failed to pay the wages due as set forth in the preceding paragraphs of this Complaint to Plaintiffs and class members in violation of Pennsylvania Code, 43 P.S. § 260.3.

64.    Defendant is not permitted by state or federal law, or by order of a court of competent jurisdiction, to withhold or divert any portion of Plaintiffs and class members wages that concern this lawsuit.

65.    Defendant does not have written authorization from any Plaintiff or class member to withhold, divert or deduct any portion of his or her wages that concern this lawsuit.

66.    Pursuant to 43 P.S. §§ 260.9 and 260.10, employers such as Defendant who intentionally fail to pay an employee wages in conformance with the WPCL shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

67.    Defendant Cargill has violated Pennsylvania law by failing to pay Plaintiffs and class members for all compensable time and by failing to pay Plaintiffs and class members for work time, including overtime, at the established rate.

## COUNT IV

### RESTITUTION

68.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

69.     The Class period for this cause of action is March 6, 2000, to the present.

70.     Defendant Cargill, at all times material to this Complaint, was aware that Plaintiff and class members were not being paid for donning, doffing, and cleaning and all activities related to the performance of these job functions.

71.     Defendant made a conscience decision not to pay Plaintiffs and class members for these activities.  Plaintiffs and class members did not perform this work voluntarily, but with the expectation of earning their respective hourly wages for all work performed. Further, Plaintiffs and class members performed a great deal of labor for Defendant at no cost to Cargill.  Thus, Cargill accepted and appreciated this benefit conferred and has never properly paid Plaintiffs and class members for the labor provided.

72.     Defendant is liable to Plaintiffs and class members for all hours worked for which Defendant has not paid Plaintiffs and class members.

73.     Defendant knew of and appreciated the benefit conferred upon them by their retention of Plaintiffs' and class members' property.

74.     Under the circumstances as alleged, it would be inequitable for Defendant to continue to retain the property of Plaintiffs and class members, entitling Plaintiffs and class members to the relief set forth hereafter.

## COUNT V

### UNJUST ENRICHMENT

75.     Plaintiffs re-allege and incorporate the preceding paragraphs as if fully set forth herein.

76.     The Class period for this cause of action is March 6, 2000, to the present.

77.     At all relevant times hereto, Defendant devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing uncompensated work from Plaintiffs and class members.

78.     Contrary to all good faith and fair dealing, Defendant instructed and encouraged its managers and supervisors to induce Plaintiffs and class members, by actual or threatened retaliation and/or promises, to perform work before and after paid time and during lunch hours and scheduled breaks for which no compensation has been given.

79.     By reason of having secured the work and efforts of Plaintiff and class members without compensation, Defendant enjoyed reduced over-head with respect to its beef production at its Wyalusing, Pennsylvania facility and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs and class members, and that Defendant retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

80.     Accordingly, Plaintiff and class members are entitled to judgment in an amount equal to the benefits unjustly retained by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray for judgment against Defendant as follows:

1.     That this action may proceed as a class action pursuant to Fed.R.Civ.P. 23;

2.     On Count I (Violation of the Pennsylvania Minimum Wage Act of 1968):

     a.     An award to Plaintiffs and class members of damages in the amount of unpaid overtime compensation, including interest thereon, and penalties subject to proof;

     b.     An award to Plaintiffs and class members of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act;

3.     On Count II (Breach of Contract):

     a.     For damages according to proof at trial;

     b.     Awarding Plaintiffs and class members pre-judgment interest at the highest level rate, from and after the date of service of the initial complaint in this action on all unpaid wages from the date such wages were earned and due;

4.     On Count III (Violation of the Wage Payment and Collection Law):

     a.     An award to Plaintiffs and class members of damages for the amount of unpaid wages, including unpaid overtime, in addition to interest and penalties subject to proof;

17

b.     An award to Plaintiffs and class members of liquidated damages in

an amount equal to twenty-five percent of the total amount of

wages due pursuant to the WPCL, 43 P.S. § 260.10;

c.     An award to Plaintiffs and class members of reasonably attorneys'

fees and costs pursuant to the WPCL;

5.     On Count IV (Restitution)

a.     An order imposing a constructive trust upon Defendant to compel

them to transfer Plaintiffs' and class members' wages that have

been wrongfully obtained and held by Defendant to Plaintiff and

the Class;

6.     On Count V (Unjust Enrichment)

a.     For general damages according to proof;

b.     For special damages according to proof;

7.     Awarding Plaintiffs and class members attorneys' fees and costs of the

suit to the extent permitted by law; and

8.     All other relief as this Court may deem proper.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury for all issues so triable.

Respectfully submitted,

KENNEY LENNON & EGAN

GERARD P. EGAN
BRIAN P. KENNEY
ERIC L. YOUNG
3031C Walton Road, Suite 202
Plymouth Meeting, PA 19462
Phone: (610) 940-9099
Facsimile: (610) 940-0284

LAW OFFICES OF PHILIP A. DOWNEY
PHILIP A. DOWNEY, ESQUIRE
Attorney I.D. No. 81603
P.O. Box 736
Unionville, PA 19375
Phone: (610) 324-2848
Facsimile: (610) 347-2507

BRIAN P. MCCAFFERTY
Attorney ID No. 66257
1617 JFK Boulevard, Suite 640
Philadelphia, PA 19103
Phone:  (215) 569-8840
Facsimile:  (215) 569-9070

**Attorneys for Plaintiffs**

DATED: March _7_, 2006

cn

Fri Mar 10 10:15:23 2006

UNITED STATES DISTRICT COURT

SCRANTON          , PA

Receipt No.    333 105651
Cashier              gina

Check Number: 1383

DO Code    Div No
4667          3

Sub Acct Type Tender      Amount
1:510000   W    2        190.00
2:086900   N    2         60.00

Total Amount        $   250.00

NEW CASE FF/3:06-CV-513/CURTIS VS CA
RGILL EAT SOLUTIONS

KENNEY LENNON AND EGAN 3031C WALTON
RD PLYMOUTH MTG PA 19462

Fri Mar 10 10:15:23 2006

Check No.  1383
Amount:  250.00
Pay any Federal Reserve Bank or